```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFREY KLEIN, on behalf of himself
and others similarly situated,

        -against-                          ORDER
                                           10-CV-196 (JS)(ARL)
THE YANKEE CANDLE COMPANY, INC.

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Victoria L. Weinman, Esq.
                   Harry I. Katz, P.C.
                   61-25 Utopia Parkway
                   Fresh Meadows, NY 11365

For Defendant:     No appearances.
```

SEYBERT, District Judge:

It is well-settled that the Court has an "independent obligation to evaluate" whether it has subject matter jurisdiction "even in the absence of a challenge from any party." Dean v. Blumenthal, 577 F.3d 60, 64 (2d Cir. 2009). Consistent with that independent evaluation, the Court notes that the Complaint asserts subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). To properly assert jurisdiction under CAFA, a $5,000,000 amount-in-controversy requirement must be met. 28 U.S.C. § 1332(d)(2). Here, the Court has concerns regarding whether this requirement is satisfied.

The Complaint alleges that Defendant distributed coupons providing a customer with $10 off of a purchase of $25 or more. (Compl. ¶ 2). The Complaint further alleges that, if customers made such purchases, but then returned some items, the customer

lost the "full benefit" of the $10 coupon. (Id.). Instead, the Complaint, alleges, Defendant "pro-rated" the coupon based on the total purchase and the items returned. (Id. at ¶ 20). The Complaint contends that, due to this pro-rating, Plaintiff lost $3.33 of the $10 coupon benefit. (Id. at ¶ 23). The Complaint seeks damages, under a variety of legal theories, "on behalf of a class consisting of all those who received coupons to be used towards purchases of a certain amount, who returned some or all of the items purchased with the coupon and were damaged hereby." (Id. at ¶ 9). Given this pleading, it is unclear if Plaintiff purports to represent a class of individuals who used the specific coupon Plaintiff used (which was valid from January 3 through January 30, 2010), or a class of all individuals who used any coupon that Defendant pro-rated in a similar manner. In any event, at the dollar levels pled in the Complaint, Defendant would have needed to "pro-rate" a substantial number of coupons to reach the $5 million amount-in-controversy.

Because subject matter jurisdiction is a threshold issue, the Court hereby ORDERS Defendant to provide, simultaneously with its answer or motion to dismiss, an affidavit or declaration based on personal knowledge setting forth: (1) the total amount of money the putative class "lost" due to Defendant "pro-rating" the specific coupon at issue; and (2) the total amount of money the putative class has "lost," within the limitations period, due to

any similar "pro-rating" of coupons by Defendant. Regardless of whether Defendant chooses to move to dismiss for lack of subject matter jurisdiction, Defendant may, when filing this affidavit or declaration, also choose to file a letter setting forth its position as to whether subject matter jurisdiction exists. To the extent that Defendant needs additional time to compile the information the Court has requested, Defendant may move to extend its time to answer, move, or otherwise respond to the Complaint.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         January 21, 2009